**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03482-LTB-MEH

RAQUEL AVILA,
                    Plaintiff,

      v.

ALLSTATE INSURANCE COMPANY,
                    Defendant.

_____

**PROPOSED SCHEDULING ORDER**
_____

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

1.     A Scheduling Conference is scheduled for January 27, 2022, at 3:00pm by telephone.

2.     Plaintiff Raquel Avila is represented by Jacob M. Burg and Kristi Paschall, Burg Simpson Eldredge Hersh & Jardine, P.C. 40 Inverness Drive East, Englewood, Colorado 80112, (303)-792-5595.

3.     Defendant Allstate Insurance Company is represented by Rebecca K. Wagner and Christy N. Redmond of Campbell, Wagner, Frazier & Dvorchak, LLC, 5251 DTC Parkway, Suite 400, Greenwood Village, Colorado 80111, (303) 831-5990.

## 2.  STATEMENT OF JURISDICTION

On December 29, 2021, Defendant removed this action from the District Court in Denver County, State of Colorado, pursuant to 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1332(a), because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiff:

This case arises from an automobile collision Plaintiff was involved in on August 24, 2018 with an uninsured motorist. As a result of the collision Plaintiff sustained injuries to her back, lumbar spine left knee, and hip.  Plaintiff is still undergoing treatment for her injuries and will likely require significant additional treatment on her lumbar spine.  Prior to this incident Plaintiff purchase uninsured motorist insurance with Defendant and entered into a contract of insurance with Defendant which provided her with $100,000 in uninsured motorist benefits.  To date Defendant has not provided any uninsured motorist benefits despite Plaintiff providing medical records and bills to Defendant and outlining her need for her uninsured motorist benefit due to her injuries.  Plaintiff asserts claims of breach of contract, common law insurance bad faith, and statutory bad faith against Defendant as outlined in C.R.S. §10-3-1115 and C.R.S. §10-3-1116

b.    Defendant:

Allstate denies the nature and extent of injuries, damages, and losses Plaintiff alleges were caused by the August 24, 2018 motor vehicle accident. Allstate denies it

2

has breached its contract with Plaintiff, acted in bad faith towards Plaintiff, or unreasonably delayed or denied any benefits owed under the insurance policy. Allstate also asserts the following affirmative defenses:

That the Plaintiff may have failed to mitigate her damages, if any, by taking such reasonable steps under the circumstances as would reduce her injuries and damages, if any; and any damages resulting from the Plaintiff's failure to take such reasonable steps cannot be recovered.

That the Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

That Allstate is entitled to setoff of any amounts previously paid to the Plaintiff.

That the Plaintiff's recovery of any benefits under the Allstate insurance policy at issue is subject to and limited by all of the terms, conditions, limitations and exclusions of said policy, including but not limited to, applicable policy limits and/or limits of liability, setoffs and primacy conditions.

That the Plaintiff's injuries and damages, if any, may have been pre-existing, and the Defendant is not liable, if at all, for any pre-existing injuries and damages.

That the Plaintiff's injuries and damages, if any, may have been caused by a subsequent, non-related event for which Allstate is not liable.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. On the date of the August 24, 2018 accident the Plaintiff was insured under an automobile insurance policy issued by Allstate Insurance Company, which provided for underinsured/uninsured motorist ("UM") coverage of up to

$100,000.00 per person or $300,000.00 per accident.

2. Allstate placed 100% fault on Christopher Valdez for causing the August 24, 2018 accident.

3. Plaintiff was involved in a subsequent motor vehicle accident ("MVA") on January 16, 2019 after which she reported to Allstate that she sustained injuries for which she had and would seek further medical care.

### 5.  COMPUTATION OF DAMAGES

a.     Plaintiff:

**I.       Breach of Contract**

Plaintiff is entitled to damages as a result of All State's breach of the contract for insurance it entered into with the Plaintiff.

1.     Plaintiff sustained the following economic damages as a result of the incident that is the subject matter of this litigation (exact amounts to be determined and this disclosure will be supplemented):

A.     Past Medical Bills. Plaintiff suffered injuries down her left leg from her hip to her knee, including but not limited to, her left knee, left hip, left buttock and thigh in addition to her low back, abdomen, and pelvis.  Plaintiff was in another collision on January 16, 2019, after leaving physical therapy wherein she injured her right shoulder, left ankle and neck.  Plaintiff's total bills to date are approximately $25,477.35.  Plaintiff reserves the right to amend and supplement this amount as information becomes available.

B.     Future Medical expenses which may be supplemented.

C.     Out of pocket expenses which will be supplemented.

D.     Future lost wages, which may be supplemented and may be the subject of expert testimony and will be disclosed pursuant to F.R.C.P. 26(a)(2).

2.     Plaintiff sustained the following non-economic damages as a result of the incident that is the subject matter of this litigation (amounts to be determined by a jury):

A.     Pain and Suffering

B.     Emotional Distress

C.     Loss of Enjoyment of Life

D.     Inconvenience

E.     Mental Anguish

3.     Plaintiff sustained damages for physical impairment as a result of the incident that is the subject matter of this litigation (exact amounts to be determined by a jury).

## II. Common Law Bad Faith

Noneconomic Damages and Economic Damages related to the UM Claims.  Plaintiff will supplement her computation of economic damages, which may need to be determined by an expert.

## III. Statutory Damages Pursuant to C.R.S. 10-3-1116

Pursuant to C.R.S. §10-3-1116 Plaintiff seeks damages for two times her uninsured motorist benefits.  Plaintiffs also seek reasonable attorney's fees and court costs pursuant to C.R.S. § 10-3-1116. Plaintiff reserves the right to modify her calculation of damages as may be appropriate during the course of discovery.

b.     Defendant:

Defendant is not claiming any damages at this time. Defendant reserves its right to seek any damages, attorney fees, or costs in the future.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.     Date of Rule 26(f) meeting:

The parties conferred by telephone on January 24, 2022.

b.     Names of each participant and party he/she represented.

For the Plaintiff:
Jacob M. Burg, Attorney Reg.#47766
Kristi Paschall, Attorney Reg. #42533
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Telephone:  (303) 792-5595
Fax:  (303) 708-0527
jburg@burgsimpson.com
kpaschall@burgsimpson.com

For the Defendant:
Christy N. Redmond, Attorney Reg. #50397
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone:  (303) 831-5990
Fax:  (303) 832-7144
E-mail:  credmond@cwfd-law.net

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Rule 26(a)(1) disclosures will be served by February 10, 2022.

Defendant's Rule 26(a)(1) disclosures will be served by February 10, 2022.

d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R.

Civ. P. 26(a)(1).

None.

e.      Statement concerning any agreements to conduct informal discovery:

No agreements, but the parties are open to discuss informal discovery if it would serve to reduce litigation costs.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel agree that they will work together on agreements and procedures to reduce the cost of litigation. Counsel also agree to use a unified exhibit numbering system for depositions.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Defendant's claim file is maintained in electronic format, and copies of the relevant, discoverable portions of the claim file will be produced. The Parties do not anticipate the need for extensive ESI but the parties will work together to streamline efficiency with discovery of ESI if necessary.

h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibilities for prompt settlement of the case. While the Parties agree to work toward resolution of this matter, they believe discovery is first necessary before fruitful settlement discussions can occur. The parties remain

open to engaging in settlement dialogue and potentially attending mediation after further discovery is completed.

## 7.  CONSENT

All parties have **not** consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties agree to the presumptive limits on depositions.  The parties request the presumptive limit of 25 Interrogatories.

b.      Limitations which any party proposes on the length of depositions.

Depositions shall be limited to a length of one-day of seven hours, without prior agreement or absent leave of Court.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties propose that each side be limited to 25 requests for production and 25 requests for admission.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: July 18, 2022.

e.      Other Planning or Discovery Orders: An individual may only be deposed one time. If a party wishes to depose an individual both as a 30(b)(6) representative and individually, the party shall attempt in good faith to take both depositions on the same day. This limitation does not shorten the length of time for depositions in ¶ 9(b). In the

event the individual and 30(b)(6) depositions cannot be completed in the same day due to the duration of the depositions, then the remaining deposition will be scheduled to be continued as soon as practicable.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings: March 15, 2022.

Plaintiffs reserve their right to file a Motion for Exemplary Damages after the dispositive Motion deadline since Courts have allowed exemplary damages to be added whenever prima facie evidence is established, even as late as trial. See e.g., Golder Assocs. v. Edge Envtl, Inc., 2007 U.S. Dist. LEXIS 23706 (D. Colo. 2007);

b.      Discovery Cut-off: September 2, 2022.

c.      Dispositive Motion and Motions Pursuant to Fed. R. Evid. 702, 703 and 704 Deadline: October 3, 2022.

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:

Insurance Bad Faith Expert

Orthopedic Surgeon

Economist

Plaintiff also anticipates that she will designate non-retained percipient expert witnesses including, but not limited to, all providers of medical care and related services to the Plaintiff as a result of the incident including doctors, surgeons, occupational

therapists, physical therapists, rehabilitation specialists, and other treatment providers.

Plaintiff also reserves the right to designate one or more experts in an additional field should the need arise as the case develops through discovery.  Plaintiffs also reserve the right to designate one or more rebuttal experts, which may be necessary after reviewing Defendant's expert witness disclosures.

<u>Defendant:</u> The Defendant anticipates retaining one or more medical doctors to opine as to the cause of Plaintiff's alleged injuries, the reasonableness of her medical treatment, and any claimed ongoing injuries or impairment. The Defendant also may retain an expert in insurance industry standards/bad faith, accident reconstruction, and rebuttal experts in the fields designated by Plaintiff.

2.     Limitations which the parties propose on the use or number of expert witnesses.

 Plaintiffs do not anticipate the need for a limitation on the use or number of experts per side.  Defendant suggests a limit of 3 retained experts per side.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 1, 2022.

4.      The parties shall designate all rebuttal experts and provide opposing

counsel and any pro se party with all information specified in Fed. R. Civ. P.

26(a)(2) on or before August 1, 2022.

e.      Identification of Persons to Be Deposed:

Plaintiff:

| DEPONENT | ESTIMATE OF TIME NEEDED |
|----------|-------------------------|
| All State's designated 30(B)6 Representative | Up to 7 hours |
| Adjusters who may have handled Plaintiff's UM/UIM or MedPay claims | Up to 7 hours |
| The Managers and Supervisors of the adjusters listed above | Up to 7 hours |
| One or more witnesses with personal knowledge about this matter but which are presently unknown to Plaintiff at this time | Up to 7 hours |
| Depositions of each of the Defendant's designated experts | Up to 7 hours |

Defendant:   Defendant anticipates taking the deposition of Plaintiff and

her retained experts or treating medical providers. Defendant reserves the

right to depose any other individuals upon conducting further discovery.

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

_____

b.      A final pretrial conference will be held in this case on _____at

o'clock _____m. A Final Pretrial Order shall be prepared by the parties and

submitted to the court no later than seven (7) days before the final pretrial

conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.      Anticipated length of trial and whether trial is to the court or jury.

Five-day jury trial.

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2022.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

s/ Kristi Paschall_____
Kristi Paschall, #42533
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Telephone: (303) 792-5595
Attorney for Plaintiff

s/ Christy N. Redmond
Rebecca K. Wagner, #33473
Christy N. Redmond, #50397
Campbell, Wagner, Frazier & Dvorchak, LLC
5251 DTC Parkway, Suite 400
Greenwood Village, CO  80111
Telephone: (303) 831-5990
Attorneys for Defendant